UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WESLEY TOMPKINS )<br>)<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>ALLIANCE ONE RECEIVABLES )<br>MANAGEMENT, INC. )<br>)<br>DEFENDANT. ) | CIVIL ACTION NUMBER<br>**JURY TRIAL DEMANDED** |

## COMPLAINT

This is an action brought by the Plaintiff, Wesley Tompkins, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

### JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

### PARTIES

1.  The Plaintiff, Wesley Tompkins ("Walker" or "Plaintiff"), is a resident and citizen of the state of Alabama, Jefferson County, and is over the age of twenty-one (21) years. At the time of the events giving rise to this cause of action, Plaintiff was serving on active duty in the U.S. Army in Ft. Bragg, North Carolina.

2. The Defendant, Alliance One Receivables Management, Inc. ("Defendant"), is a foreign corporation who is engaged in the business of collecting consumer debts from consumers residing in Jefferson County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

3. On or about October 30, 2008, Plaintiff received a letter from Defendant, which sought to collect a debt allegedly owed by Plaintiff to Wachovia Bank. The alleged debt was incurred for personal, family, or household uses.

4. Plaintiff did not believe he owed the alleged debt, so he called the number provided in Defendant's letter to dispute the alleged account.

5. Plaintiff spoke with an agent/employee of Defendant named "Mr. Waltenburg."

6. When Plaintiff asked what the alleged debt was in regards to, the Defendant told him that it was on a Wachovia account, and that the last payment which had been received on the account was in April, 2008.

7. Plaintiff explained to the agent/employee that this could not possibly have been his debt because he had closed his only with Wachovia account years earlier, and furthermore, that he did not, or could not have made a payment in April, 2008 because he was serving in Iraq with the U.S. Army at that time.

8. The agent/employee became rude and interrupted Plaintiff's explanation, telling him that he "did not care where he was" and that it was correct because it was "on his credit" and that he should "just go ahead and pay it" or he could "screw it [his credit] up."

9. The agent/employee continued to be rude and belligerent and told Plaintiff that he

"didn't need any attitude" from him, and promptly hung up on the Plaintiff.

10. As a result of Defendants harassment and abuse, Plaintiff has suffered emotional distress, mental anguish, inconvenience, and worry.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

11. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

12. The Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to alleged consumer debt(s).

13. The Defendant violated §1692d by using harassment and abusive means in attempting to collect a debt.

14. The Defendant violated §1692d(5) by causing Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, harass, and abuse the Plaintiff.

15. The Defendant used false representations and/or deceptive means to attempt to collect a debt or obtain information concerning the Plaintiff in violation of §§1692e(2), (10), and (11).

16. As a proximate result of the Defendant's actions, the Plaintiff was caused to suffer damages.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

17. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

18. The Defendant knew or should have known the status of the alleged debt in relation to

the Plaintiff, and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

19. The Defendant knew or should have known that said conduct was improper.

20. The Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

21. The Defendant negligently failed to train and supervise collectors on the FDCPA as it relates to communications with consumers and third parties.

22. As a result of the Defendant's negligence, the Plaintiff was caused to suffer damages.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

23. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

24. The Defendant knew or should have known the status of the alleged debt in relation to the Plaintiff, and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

25. The Defendant knew or should have known that the said conduct was improper and illegal.

26. The Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper illegal conduct.

27. The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers.

28. As a result of the Defendant's recklessness and wantonness, the Plaintiff was caused to suffer damages.

## COUNT FOUR
## INVASION OF PRIVACY

29. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

30. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, **and to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

31. The Defendant undertook and/or directed communications to the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were made in disregard for Plaintiff's right to privacy. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying a debt.

32. Said invasions were intentional, willful, and malicious, and violated the Plaintiff's privacy. The Plaintiff avers that the communications were made by individuals who were the employees of and/or acting on behalf of Defendant.

33. Said communications constitute the wrongful intrusion into his solitude and seclusion.

34. As a proximate consequence of said invasion of the right of privacy, the Defendant has caused the Plaintiff to suffer embarrassment, worry, humiliation, anxiety, nervousness, and mental anguish.

### *Respondeat Superior Liability*

35. The acts and omissions of the agents/employees of Defendant who communicated

with Plaintiff were committed within the time and space limits of their agency relationship with their principal, the Defendant.

36.     The acts and omissions by the agents/employees were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

37.     By committing these acts and omissions against Plaintiff, the agents/employees were motivated to benefit their principal, the Defendant.

38.     Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its agents/employees, including but not limited to violations of the FDCPA, in their attempts to collect this alleged debt from Plaintiff.

## **AMOUNT OF DAMAGES DEMANDED**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands a judgment against the defendant as follows:

A.     Declaratory judgment that the Defendant's conduct violated the FDCPA;

B.     Statutory damages of $1,000 from the Defendant for the violations of the FDCPA (15 U.S.C.§1692k);

C.     Actual damages for the Defendant's violations of the FDCPA;

D.     Costs and reasonable attorney's fees from the Defendant pursuant to 15 U.S.C.§1692k;

E.     Compensatory and punitive damages against Defendant on Plaintiff's state law claims for damages due to the Negligent Training and Supervision, Reckless and Wanton Training and

Supervision; and Invasion of Privacy; and,

  F. Such other relief that this Court deems just and proper.

_____
W. Whitney Seals
ASB 8890-W81S
Pate & Cochrun, LLP
P.O. Box 10448
Birmingham, AL 35202-0448
Phone (205) 323-3900

_____
Michael W. Lindsey
ASB 4328-A63L
Lindsey Law Firm, LLC
One Perimeter Park Dr., Ste 330 N
Birmingham, AL 35243
Phone (205) 970-2233